UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES** | **CRIMINAL ACTION** |
| **VERSUS** | **NO. 13-85** |
| **MELVIN JAMES** | **SECTION: "G"(3)** |

## ORDER AND REASONS

Before the Court is Defendant Melvin James's ("Defendant") second motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A).[1] In the motion, Defendant requests that the Court resentence him to home confinement, imprisonment of time-served, or time-served followed by a term of supervised release.[2] The government opposes the second motion for compassionate release.[3] Considering the motion, the memoranda in support and in opposition, the record, and the applicable law, the Court denies the motion without prejudice.

## I. Background

On November 14, 2012, state law enforcement officials arrested Defendant while he attempted to distribute heroin to a confidential source in Slidell, Louisiana.[4] Following Defendant's arrest, he informed multiple law enforcement officials that he possessed additional

---

[1] Rec. Doc. 96.

[2] *Id.* at 1.

[3] Rec. Doc. 98.

[4] Presentence Investigation Report ("PSR") at ¶¶ 11–12.

1

narcotics at his residence in New Orleans, Louisiana.[5]

Based on that information, the law enforcement officials executed a search warrant at Defendant's residence.[6] They found heroin, a cutting device for heroin, cocaine hydrochloride, marijuana, cutting agents, digital scales, and "baggies."[7] They also found four firearms at Defendant's residence—a .44 caliber rifle, .38 caliber revolver, .380 caliber pistol, and .45 caliber pistol.[8] The discovered narcotics led to Defendant's conviction—for possession of heroin with intent to distribute—in the 22nd Judicial District Court for the Parish of St. Tammany.[9] That state court sentenced Defendant to 20 years of imprisonment without the possibility of parole.[10]

In April of 2013, a federal grand jury in the Eastern District of Louisiana returned an indictment in connection with the conduct mentioned above in Slidell, Louisiana.[11] The indictment charged Defendant with the following counts: possession with intent to distribute heroin ("Count One"), felon in possession of a firearm ("Count Two"), and possession of a firearm in furtherance of a drug trafficking offense ("Count Three").[12] In February of 2014, Defendant pleaded guilty to Counts One and Two of the Indictment.[13]

In November of 2014, Judge Kurt D. Engelhardt sentenced Defendant to a term of 198

---

[5] *Id.* at ¶ 13.

[6] *Id.* at ¶¶ 13–15.

[7] *Id.*

[8] *Id.* at ¶ 14.

[9] *Id.* at ¶ 40.

[10] *Id.*

[11] Rec. Doc. 1.

[12] *Id.*

[13] Rec. Doc. 37.

months imprisonment as to Count One and 120 months imprisonment as to Count Two—with the two terms to be served concurrently.[14] Judge Engelhardt ordered that all but 36 months of the 198-month sentence run concurrently with Defendant's 20-year state sentence.[15] Yet on May 25, 2017, Judge Engelhardt reduced Defendant's sentence to 150 months as to Count One and 120 months as to Count Two—with the two terms to be served concurrently.[16] Judge Engelhardt ordered that all but 30 months of the 150-month federal sentence run concurrently with Defendant's 20-year state sentence.[17]

Thereafter, the above-captioned matter was transferred to Chief Judge Nannette Jolivette Brown.[18] On April 9, 2020, Defendant filed his first motion for compassionate release pursuant to Section 3582(c)(1)(A).[19] On April 16, 2020, this Court denied Defendant's first motion for compassionate release without prejudice because the Court found that Defendant had failed to exhaust Section 3582(c)(1)(A)'s administrative requirements.[20]

On July 14, 2020, Defendant filed his second motion for compassionate release pursuant to Section 3582(c)(1)(A).[21] The government filed an opposition to the second motion for compassionate release on July 22, 2020.[22]

---

[14] Rec. Doc. 61.

[15] *Id.*

[16] Rec. Doc. 88.

[17] *Id.*

[18] Rec. Doc. 91.

[19] Rec. Doc. 90.

[20] Rec. Doc. 95.

[21] Rec. Doc. 96.

[22] Rec. Doc. 98.

## II. Parties' Arguments

### A.  *Defendant's Arguments in Support of the Motion*

Defendant makes two principal arguments in support of his motion for compassionate release.[23] Defendant first argues that he has exhausted Section 3582(c)(1)(A)'s administrative requirements.[24] On April 17, 2020, he allegedly sent a "formal request to Warden Rodney Myers for relief pursuant to the CARES Act."[25] Defendant maintains that neither Warden Rodney Myers nor any other BOP official responded to his formal request within the 30-day period under Section 3582(c)(1)(A).[26] Because 30 days lapsed between Defendant's formal request and any BOP official's response, he concludes that Section 3582(c)(1)(A)'s administrative requirements are satisfied.[27]

Second, Defendant argues that his hypertension and diabetes—combined with the risks of contracting COVID-19—satisfy the mandatory "extraordinary and compelling reasons" for a sentence reduction.[28] He argues that the sentencing factors set forth in 18 U.S.C. § 3553(a), which are considered if applicable, likewise support a sentence reduction.[29] Relying on Section 3553(a)'s factors, Defendant points to the following facts to support his sentence reduction request: (1) his age and pre-existing health conditions increase his vulnerability to COVID-19; (2) he is a non-violent offender and poses a low risk of recidivism; (3) he has been confined in

---

[23] *See generally* Rec. Doc. 96.

[24] *Id.* at 5.

[25] *Id.*

[26] *Id.*

[27] *See id.*

[28] *Id.* at 6.

[29] *Id.*

the BOP for the past seven years without any disciplinary incidents; and (4) he has a re-entry plan with a supportive family to prevent recidivism.[30]

### B. The Government's Arguments in Opposition to the Motion

The government makes three principal arguments in opposition to the instant motion.[31] First, the government argues that Defendant fails to acknowledge the BOP's response to the COVID-19 pandemic.[32] According to the Government, the BOP recently developed a COVID-19 Action Plan to "comprise[] many preventive and mitigation measures."[33] These preventive measures allegedly include screening all incoming inmates; regularly screening staff; limiting contractor visits to essential services; suspending nearly all attorney, social, and volunteer visits; limiting inmate movement between facilities; and taking additional steps to modify operations to maximize social distancing."[34] The government notes that the BOP's COVID-19 Action Plan, in addition to other safety precautions, resulted in Defendant testing negative for COVID-19 in May, June, and July of 2020.[35]

Second, the government addresses Section 3582(c)(1)(A)'s exhaustion requirements.[36] Defendant bears the burden to show that Section 3582(c)(1)(A)'s exhaustion requirements are satisfied.[37] The government points out that Defendant provides no evidence to prove that he in

---

[30] *Id.* at 7.

[31] Rec. Doc. 98.

[32] *Id.* at 5

[33] *Id.* at 5–6.

[34] *Id.* at 6.

[35] *Id.* at 6–9.

[36] *Id.* at 4.

[37] *See, e.g.*, *United States v. Davis*, No. CR 07-357, 2020 WL 2838588, at *2 (E.D. La. June 1, 2020); *United States v. Van Sickle*, No. CR18-0250JLR, 2020 WL 2219496, at *3 (W.D. Wash. May 7, 2020) (collecting

fact exhausted those requirements by sending a formal request for relief to Warden Myers.[38] The government states that it has not been able to "confirm that [Defendant] submitted a formal request to the warden for compassionate release on [COVID-19] grounds."[39]

Third, the government argues that even if Defendant exhausted all administrative requirements, he would not be entitled to compassionate release on the merits.[40] The government concedes that Defendant's medical conditions—combined with the risks of contracting COVID-19—constitute "extraordinary and compelling reasons" under Section 3582(c)(1)(A).[41] But the government notes that a sentence reduction must still be denied if (1) the defendant is "a danger to the safety of any other person or to the community" or (2) the sentencing factors set forth in Section 3553(a) do not warrant a sentence reduction.[42]

The government claims that Defendant is a danger to the community because he is a career offender and an armed career criminal.[43] The government points out that Defendant has a "lengthy history of drug trafficking conviction followed by a short release[,] followed by another drug trafficking conviction."[44] The government also claims that Section 3553(a)'s factors strongly disfavor a sentence reduction because, even if the Court grants Defendant's motion for compassionate release, Defendant must serve a 20-year sentence from state court without the

---

cases).

[38] *See* Rec. Doc. 98 at 4.

[39] *Id.*

[40] *Id.*

[41] *Id.* at 12.

[42] *Id.*

[43] *Id.* at 13.

[44] *Id.* at 14.

benefit of parole.[45] For these reasons, the government concludes that Defendant is not entitled to compassionate release.[46]

### III. Legal Standard

Generally, a "court may not modify a term of imprisonment once it has been imposed."[47] Federal law provides three exceptions:

(1) upon a motion for reduction in sentence under 18 U.S.C. § 3582(c)(1)(A);[48]

(2) "to the extent expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure"[49]; or

(3) when the defendant was sentenced based on a retroactively lowered sentencing range.[50]

Defendant moves the Court to reduce his sentence under Section 3582(c)(1)(A).[51] Motions to reduce a sentence under Section 3582(c)(1)(A) are commonly known as "compassionate release" motions.[52] Prior to 2018, only the Director of the BOP could file a compassionate release motion under Section 3582(c)(1)(A).[53] In 2018, Congress passed and the President signed into law the First Step Act.[54]

---

[45] *Id.*

[46] *Id.* at 15.

[47] 18 U.S.C. § 3582(c)(1)(A).

[48] *Id.*

[49] *Id.* § 3582(c)(1)(B).

[50] *Id.* § 3582(c)(2).

[51] Rec. Doc. 96.

[52] *See, e.g., United States v. Reeves*, No. CR 18-00294, 2020 WL 1816496, at *1 (W.D. La. Apr. 9, 2020).

[53] *Id.*

[54] *See id.*

7

The First Step Act amended the process to file compassionate release motions by permitting prisoners to file such motions directly with a federal court.[55] Yet, before filing a compassionate release motion directly with a federal court, a prisoner must exhaust Section 3582(c)(1)(A)'s administrative requirements.[56] Indeed, under Section 3582(c)(1)(A), a defendant may personally move the Court to reduce his or her sentence only after either (1) "the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf" or (2) "the lapse of 30 days from the receipt of [a request to the Bureau of Prisons to bring a motion on the defendant's behalf] by the warden of the defendant's facility," whichever is earlier.

The movant bears the burden to show that he exhausted Section 3582(c)(1)(A)'s administrative requirements.[57] Once the movant demonstrates that Section 3582(c)(1)(A)'s exhaustion requirements are satisfied, a court may reduce the movant's sentence only if (1) "extraordinary and compelling reasons" warrant a sentence reduction and (2) the sentence reduction is "consistent with applicable policy statements issued by the Sentencing Commission."[58] Finally, the Court must "also consider[] the factors set forth in 18 U.S.C. § 3553(a) to the extent that they are applicable."[59]

---

[55] *See id.*

[56] *See* 18 U.S.C. § 3582(c)(1)(A).

[57] *See, e.g.*, *Davis*, 2020 WL 2838588, at *2; *Van Sickle*, 2020 WL 2219496, at *3 (collecting cases).

[58] 18 U.S.C. § 3582(c)(1)(A).

[59] *Id.*

## IV. Analysis

As noted above, the defendant bears the burden to show that he exhausted Section 3582(c)(1)(A)'s administrative requirements.[60] Section 3582(c)(1)(A) requires a prisoner to exhaust specific administrative requirements before filing a motion for compassionate release in federal court.[61] Section 3582(c)(1)(A) reads as follows:

> The court *may not* modify a term of imprisonment once it has been imposed except . . . upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . .[62]

Multiple federal district courts and federal appellate courts have denied a prisoner's motion for compassionate release when the prisoner failed to exhaust Section 3582(c)(1)(A)'s administrative requirements.[63] District judges in the Eastern District of Louisiana have likewise denied a prisoner's motion for compassionate release when the prisoner failed to exhaust Section 3582(c)(1)(A)'s administrative requirements.[64]

In the present case, Defendant maintains that he exhausted Section 3582(c)(1)(A)'s

---

[60] *See, e.g.*, *Davis*, 2020 WL 2838588, at *2; *Van Sickle*, 2020 WL 2219496, at *3 (collecting cases).

[61] 18 U.S.C. § 3582(c)(1)(A).

[62] *Id.* (emphasis added).

[63] *See e.g.*, *United States v. Brown*, No. 3:18-CR-228-DPJ-FKB, 2020 WL 3213415, at *3 (S.D. Miss. June 15, 2020) (Jordan III, J.); *United States v. Castro*, No. CR 15-309, 2020 WL 3076667, at *2 (E.D. La. June 10, 2020) (Africk, J.); *United States v. Allen*, No. CR 12-138, 2020 WL 3076668, at *1 (E.D. La. June 10, 2020) (Vance, J.); *United States v. James*, No. 13-85 (E.D. La. Apr. 16, 2020) (Brown, J.); *United States v. Clark*, No. 17-85- SDD-RLB, 2020 WL 1557397, at *3 (M.D. La. Apr. 1, 2020); *United States v. Zywotko*, No. 2:19-cr-113-FtM-60NPM, 2020 WL 1492900, at *1 (M.D. Fla. Mar. 27, 2020); *United States v. Eberhart*, No. 13-cr-00313, 2020 WL 1450745, at *2 (N.D. Cal. Mar. 25, 2020); *see also United States v. Alam*, 960 F.3d 831, 832–34 (6th Cir. 2020); *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020).

[64] *See supra* note 63.

administrative requirements.[65] He allegedly sent a "formal request to Warden Rodney Myers for relief pursuant to the CARES Act" on April 17, 2020.[66] Neither Warden Myers nor any other BOP official allegedly responded to his formal request within the 30-day period under Section 3582(c)(1)(A).[67] Because 30 days allegedly lapsed between Defendant's formal request and a BOP official's response, he concludes that Section 3582(c)(1)(A)'s administrative requirements are satisfied.[68]

Defendant's argument fails for two separate reasons. First, Defendant does not satisfy his burden to show that he exhausted Section 3582(c)(1)(A)'s administrative requirements. Defendant *alleges* that he sent a "formal request to Warden Rodney Myers for relief pursuant to the CARES Act" on April 17, 2020.[69] His mere allegation is insufficient evidence of a formal request to Warden Rodney Myers. Defendant provides no evidence whatsoever that he in fact sent a formal request to Warden Myers.[70]

Second, even if Defendant provided evidence of a "formal request to Warden Rodney Myers for relief pursuant to the *CARES Act*," he still would not have met his burden under Section 3582(c)(1)(A). To trigger the 30-day waiting period under Section 3582(c)(1)(A), the defendant must first request that the warden file *a motion for compassionate release* on the defendant's behalf—not ask the warden for relief pursuant to the CARES Act.[71] A request for relief pursuant

---

[65] Rec. Doc. 96 at 5.

[66] *Id.*

[67] *Id.*

[68] *See id.*

[69] *Id.*

[70] *See generally id.*

[71] 18 U.S.C. § 3582(c)(1)(A).

to the CARES Act does not trigger the exhaustion requirement to file a compassionate release motion in federal court. For these reasons, Defendant has failed to show that he exhausted Section 3582(c)(1)(A)'s administrative requirements.

## V. Conclusion

Considering the foregoing reasons,

**IT IS HEREBY ORDERED** that Defendant Melvin James's second "Motion for a Reduction in Sentence Pursuant to 18 U.S.C. [§] 3582 (c)(1)(A)"[72] is **DENIED WITHOUT PREJUDICE**.[73]

**NEW ORLEANS, LOUISIANA,** this 12th day of August, 2020.

_____
**NANNETTE JOLIVETTE BROWN**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

---

[72] Rec. Doc. 96.

[73] Pursuant to the Federal Rules of Criminal Procedure, a defendant need not be present at a § 3582(c) proceeding. *United States v. Blount*, 397 F. App'x 947, 948 (5th Cir. 2010) (citing Fed. R. Crim. P. 43(b)(4)).